The court,
after hearing argument, granted a new trial, in order that the case might be more thoroughly investigated, and the facts more clearly ascertained. The judges were all, however, .unanimously of opinion, that the doctrine respecting masters and servants, as it obtains here, and in England, is properly applicable in this country, to the relation of masters and slaves ; and that a master is liable for a civil injury occasioned by the misfeasance or neglect of his slave. The injury, however, thus occasioned, for which the master is answerable, should appear to be occasioned by the slave in performing some lawful, and voluntary act, by the com. mand, permission, or consent, of his master, either expressly proved, or fairly to be inferred from the nature and circumstances of the case. From the evidence stated, it appeared that the plaintiff was entitled to a verdict, in case the jury should be satisfied that in point of fact the evidence was sufficient. But the court considered, as doubts had been entertained by some of the judges, and by some gentlemen of the bar, whether negro slaves ought to be considered as servants are in England, in regard to this subject; and how far the master of a slave is answerable for his acts and negligence; and as the evidence did not appear to have been so fully investigated, or the law on the subject so accurately defined and explained, as it might be on a second trial; and, moreover, as it was a case the first of the kind ever known to have been brought *180 and discussed in this country; that it would be proper to allow a new
New trial granted,
Note, — A servant driving unruly horses in Lincoln’s Inn Fields, to break them for the .coach, hurt a man passing by. Case was brought .against the master, although absent when the injury was done, and the servant; and it was held good: and the reason given was, that it shall be intended, the master put the servant tp train the horses. 2 Lev. 172. 15 Vin. Abr. 311. This was an action, founded on the misfeasance of the servant. But the master is liable for the neglect of his servant. 2 Salk. 441. Whoever employs another, is answerable for him; and undertakes for iiis care, to all that make use of him. 1 Show. 102. 15 Vin. Abr. 311. Where a servant acts in obedience to his master’s orders, in a matter apparently lawful, he shall be excused. Ib. 316. For a misfeasance an action will lie against a servant, or deputy, 'as a wrongdoer, but not quatenus a servant, or deputy. A servant, or deputy, quote-, nus such, cannot be charged for neglecc, but the principal. 15 Vin. Abr. 316. 12 Mod. 488. An action upon the case lies for negligently keeping a fire in defendant’s close, by which plaintiff suffers damage. Turberville v. Stamp 1 Com. Rep. 32. Skin. 681. 1 Salk. 13. 1 Ld Raym. 264. Carth. 425. A fire kindled in the fields of defendant is as well his fire, as if kindled in his house, and the same precaution should be used; for the duty to take care of both, is founded upon the maxim, sic utere tuo non leedas alienum. 1 Com. Rep. 32. 1 Com. Dig. 209. 12 Mod. 152. But if the fire by inevitable accident, by impetuous and sudden winds, and without the negligence of defendant or his servants, for yvhom he ought to be answerable, sets fire to plaintiff’s close, &c., defendant is not liable. Ib. A master is not liable in trespass for the wilful act .of his servant, as by driving his master’s carriage against another, done without the direction or assent of the master. But he is liable to answer for any damage arising to another, from the negligence or unskilfulness of his servant acting in his employ. McManus v. Crickett. 1 East. 106. Case, and npt trespass, is the proper remedy for an injury done by a servant negligently, &c. 2 H. Bl. 442. See 1 Dyer, 29, a. New Ed. If a dog kill sheep without his master’s setting him on, he need only plead the general issue, &c. See 4 Rep. 18. 12 Mod. 332. Bull. N. P. 77. Exod. c. 24, v. 29, and 36. A. contracted with B. to repair a house; B. contracted with C. to do the work ; C. contracted with D. to furnish the materials ; and D.’s servant brought lime and laid beside the house, in the road, by which plaintiff’s chaise was overturned, and injured. A. was held liable. And a cáse was mentioned, from the recollection of Bunimn, J., where a master having employed his servant to do some act, the servant, out of idleness, employed another to do it, who committed an injury, and the master was held liable. Bush v. Steinman. 1 Bos. and Pul. 404, and see the cases there cited. In Littledale v. Lonsdale, 2 H. Bl. 267, 299, *181 defendant’s agent worked a colliery, and an injury was .done to plaintiff’s house ; and defendant was held liable.